HARDEMAN, solicitor-general, *vs.* McMANUS, ordinary.

1. The last clause of ¾4564 of the code, providing that the fine imposed in a case of bastardy shall be paid over to the ordinary, to be applied to the maintenance and education of the bastard, was repealed by the act of March 20, 1866. This act changed the penalty in cases of bastardy, and provided for a punishment largely discretionary with the court, as provided in ¾4310 of the code; whereas the old law provided, as a penalty for bastardy, a fine of a certain amount, and in case of its non-payment, imprisonment for a fixed time. The old law fixed a penalty which, with the interest thereon, was deemed sufficient to support and educate the child until it could earn its own support; whereas the penalty fixed by the act of 1866 is solely a punishment inflicted upon the father, and does not seem to contemplate the support and education of the child.

(*a*) The retention in the code of the latter clause of ¾4564, was an error of the compilers, and this error was not cured by the adoption of Irwin's revised code by the constitutional convention of 1868. In adopting that code, the convention did not intend thereby to adopt the errors contained in it.

(*b*) The general rule of law being, that the solicitor-general and other officers of court are entitled to retain all the fines and forfeitures for the purpose of paying them their insolvent costs, fines arising under ¾4564 should be appropriated by the court to this purpose. The law as found in the code ¾¾4552, 4601, 4612(d), does not militate against the above view. These sections constitute new offences, and were enacted since the act of 1866, and the acts themselves prescribe the amount of the fines and the manner of their distribution. Section 4582 of the code, as to the distribution of fines arising from violation of the Sabbath, was virtually repealed by the act of February 27, 1875.

February 11, 1889.

Officers. Fines and forfeitures. Bastardy. Statutory law. Code. Before Judge HARRIS. City court of Macon. March term, 1888.

Reported in the decision.

J. L. HARDEMAN, by brief, for plaintiff in error.

W. A. POE, by brief, *contra*.

SIMMONS, Justice.

It appears from the record in this case that one Ephraim Lockett was tried and convicted, in the city court of Macon, for the offence of bastardy. He was fined $50 by the court, and the fine was paid by him to the solicitor-general. McManus, the ordinary of the county, at the instance of the mother of the bastard child, brought a rule against Hardeman, the solicitor-general, requiring him to show cause why he should not pay over the money to the ordinary for the use of the child. The solicitor-general answered the rule, and claimed that the ordinary was not entitled to the fine imposed; that under the law, the fine was to be distributed among the officers of the court for the payment of their insolvent costs. The judge of the city court, after hearing the answer of the solicitor-general, adjudged that the fine was to be paid over to the ordinary for the use of the child, and that the officers of court were not entitled to it; to which ruling and judgment Hardeman, the solicitor-general, excepted.

It is claimed by counsel for the defendant in error that the judgment of the trial judge was right, under the latter part of section 4564 of the code. That section declares, in substance, that if any putative father of a bastard child shall refuse or fail to give security for the maintenance and education of such child or children, when required to do so in terms of the law, such putative father should be indicted for a misdemeanor, and on conviction shall be punished as prescribed in section 4310 of the code; "and if fined, said fine shall be paid over to the ordinary of the county, to be by him improved and applied from time to time, as occasion may require, for the maintenance and education of such child or children." The solicitor-general contends that this clause of the section was repealed by the act

of 20th March, 1866, (acts 1865–6, p. 233,) which act
makes this offence punishable by a fine not to exceed
$1,000, imprisonment not to exceed six months, work
in the chain-gang on the public works not to exceed
twelve months; and any one or more of these punish-
ments may be ordered in the discretion of the judge.
That act reduced a number of offences from felonies to
misdemeanors, and made nearly all misdemeanors pun-
ishable as prescribed in section 4310 of the code. The
penalty on a conviction of bastardy, before this act, was
a fine of $700, and in case of non-payment thereof, im-
prisonment in the county jail for three months. The
fine of $700, if paid, was to be paid over to the ordi-
nary for the support and education of the bastard child.
We think, therefore, that when this penalty was
changed by the act of 1866, the legislature intended
thereby to change the former policy of the State in re-
gard to the fine being paid to the ordinary for the use
of the child. The punishment now for bastardy may
be a fine of $1 or $1,000, or may be imprisonment with-
out a fine; which shows to our mind that the legis-
lature intended to repeal the latter part of the above
quoted section. The old penalty contemplated that a
fine of $700, with the interest thereon, would be suffi-
cient to support and educate the child until it could earn
its own support; and the fine of $700 was not inflicted
so much as a punishment on the putative father, as it
was for the support and education of his child; and
this sum of $700 was sufficient, in the opinion of the
legislature, for that purpose. The present penalty is
solely a punishment inflicted upon the father, and does
not seem to contemplate the support and education of
the child. If it had had this object in view, it certainly
would have prescribed a fine of a specific sum of money,
sufficient in the opinion of the legislature for that pur-
pose. The retention in the code of the latter clause of

section 4564 was an error on the part of the compilers; and this error was not cured by the adoption of Irwin's revised code by the constitutional convention of 1868. It has been held by this court, in several cases, that the convention, in adopting Irwin's revised code as a body of laws for this State, did not intend thereby to adopt the errors contained therein. The general rule of law is, that the solicitor-general and other officers of court are entitled to retain all the fines and forfeitures for the purpose of paying them their insolvent costs, and we think that the fines arising under section 4564 should be appropriated by the court to this purpose.

Counsel for the defendant in error called our attention to sections 4552, 4601 and 4612(d), showing, as he claimed, that all of the fines and forfeitures do not go to the officers of the court. These sections, however, constitute new offences in the penal code, and have been enacted by the legislature since the act of 1866, above referred to, and the acts themselves prescribe the amount of the fines and the manner of their distribution. The other section, 4582, cited by counsel, requiring fines arising from violations of the Sabbath to be paid to the ordinary for Sunday-school purposes, was virtually repealed by the act of February 27th, 1875, page 88. That act gives the officers a lien on fines and forfeitures for their costs before the funds are paid to the ordinary, as required by §4582.

Judgment reversed.