STEPHENSON, ordinary, *v.* HOWARD, solicitor-general, *et al.*

After erroneously directing, in the sentence imposing a fine upon one convicted of bastardy, that the amount when collected be applied by the ordinary for the maintenance and education of the bastard, the superior court can, on a rule against the ordinary, correct the error by ordering that he pay over the amount collected by him to the solicitor-general to be applied to the accounts of the officers of court for insolvent costs.

April 23, 1890.

Rule. Bastardy. Judgments. Practice. Before Judge LUMPKIN. Hart superior court. September term, 1889.

William Johnson was indicted and convicted of bastardy on September 20, 1888, and was sentenced to the chain-gang, with the alternative of discharge upon paying the costs and a fine of $300, which fine should be paid over to the ordinary to be by him improved and applied from time to time, as occasion might require, for the maintenance and education of the bastard child. The ordinary accepted of Johnson three promissory notes of the same date, for $100 each, with interest, the first due in six, the second in twelve and the third in eighteen months. The first one he collected and applied as the court directed; the other two he held on March 22, 1889, when the solicitor-general, for the use of himself and of the clerk of the superior court and the sheriff, applied for a rule to require the ordinary to pay over the amount of the fine to be applied to the insolvent costs due the moving officers, which costs were largely in excess of the amount of the fine. The ordinary answered that it was not subject to their claims for insolvent costs, but that he held the balance of it under the judgment of the superior court, which had not been set aside or reversed, and that under it he had a legal right to the fund to be used for the benefit of the bastard child as therein directed.

The court ordered that the two remaining notes be delivered to the solicitor-general to be collected and applied to the accounts of the officers of the court for insolvent costs duly allowed and entered on the minutes; that the title to them be vested in him for these uses; and that upon complying with this order, the ordinary be discharged from further liability. The ordinary excepted.

IRA C. VANDUZER, by JOHN P. SHANNON, for plaintiff in error, cited 84 *Ga.* 291; 77 *Ga.* 483; 74 *Ga.* 99; 20 *Ga.* 90, 581; 9 *Ga.* 117, 247; 34 La. An. 805.

W. M. HOWARD, by HARRISON & PEEPLES, *contra*, cited 82 *Ga.* 20.

BLANDFORD, Justice.

We think this case is ruled by the decision of this court in *Hardeman* v. *McManus*. 82 *Ga.* 20.

> *Judgment affirmed.*